UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IUSUPOV IUSUFZHAN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,<br><br>　　　　Respondents. | No.  1:25-cv-00838-CDB (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PETITIONER'S FAILURE TO OBEY LOCAL RULES AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION DEADLINE**<br><br><u>Clerk of the Court to Assign District Judge</u> |

Petitioner Iusupov Iusufzhan ("Petitioner"), a federal detainee, proceeds pro se and *in forma pauperis* with a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  (Doc. 1).  On July 10, 2025, Petitioner filed the instant petition while in custody of the Immigration and Customs Enforcement ("ICE") at the Golden State Annex, located in McFarland, California.  *Id*.

**Relevant Background**

Petitioner alleges that his detention for more than 12 months without being afforded a bond hearing violates Petitioner's constitutional and statutory rights.  The Court preliminarily concluded that Petitioner's petition may be cognizable under 28 U.S.C. § 2241 and that this Court possesses jurisdiction over the action because Petitioner was incarcerated at Golden State Annex (a facility within the Eastern District of California) at the time of filing.  (Doc. 7) (citing *Doe v. Garland*, 109 F.4th 1188, 1197-99 (9th Cir. 2024)).  Accordingly, on July 14, 2025, the Court ordered Respondent

1  to file a response to the petition. *Id.*

2  On September 3, 2025, the Court entered an order granting Respondent's motion for an extension of time to file a response to the petition. (Docs. 11, 12). The order was served upon Petitioner that same date. (Dkt. entry 9/03/2025). On September 15, 2025, the Court's order served upon Petitioner was returned by the United States Postal Service (USPS) marked "Undeliverable, Return to Sender, not Deliverable as Addressed." (Dkt. entry 9/15/2025). Accordingly, on October 8, 2025, the Court issued an order to show cause directing Petitioner to state in writing why the action should not be dismissed in light of his failure to keep the Court updated regarding his current address. (Doc. 14). Petitioner failed to respond to the show cause order and the deadline to do so has passed.

On September 10, 2025, Respondent filed a motion to dismiss the petition on the grounds that Petitioner was removed from the United States on September 5, 2025, and, hence, the action is moot. (Doc. 13) (citing inter alia *Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991)); (Doc. 13-1, Declaration of Deportation Officer Lorenzo Perez, ¶ 5).

**Discussion**

Plaintiff has failed to keep the Court apprised of his current address in violation of this Court's Local Rules. Therefore, the undersigned will recommend this action be dismissed without prejudice.

*Governing Legal Standard*

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833

F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective." Further, Local Rule 183(b) states that a "party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." (Emphasis omitted.)

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

*Analysis*

Here, Petitioner has failed to file a notice of change of address or to otherwise advise the Court of his current address. As noted above, a recent order of the Court was returned undeliverable and Respondent has attested that Petitioner was removed from the United States. Given the Court's inability to communicate with Petitioner, there are no other reasonable alternatives available to address Petitioner's failure to obey the Local Rules and failure to prosecute. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Respondent, also weighs fairly in favor of dismissal

1  since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an
2  action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  Here, Respondent has complied
3  with the Court's order to respond to the petition by filing a motion to dismiss.  However, these
4  proceedings are essentially at a standstill because of Petitioner's failure to respond to the motion
5  and to keep the Court and the parties apprised of his current address.  Thus, the third factor also
6  weighs in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

7  The fourth factor usually weighs against dismissal because public policy favors disposition
8  on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor
9  lends little support to a party whose responsibility it is to move a case toward disposition on the
10 merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228.
11 Petitioner has not moved this case forward toward disposition on the merits.  Instead, Plaintiff has
12 stopped communicating with the Court and has failed to comply with this Court's Local Rules.
13 More than 30 days have passed since the USPS returned the Court's order marked undeliverable,
14 yet Petitioner has failed to file a notice of change of address in compliance with Local Rule 183(b).
15 Therefore, the fourth factor — the public policy favoring disposition of cases on their merits —
16 also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

17 Finally, the Court's warning to a party that failure to obey the court's orders will result in
18 dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.
19 Here, in the Court's informational letter issued July 10, 2025, Petitioner was advised of the
20 requirement under Rule 182 to notify the Court and all other parties of any change of address. (Doc.
21 4).  Thereafter, in the Court's order directing Respondent to respond to the petition, the Court
22 admonished that all provisions of Local Rule 110 – titled "Sanctions for Noncompliance with
23 Rules" and providing that all sanctions available under statute and rule may be imposed for
24 violation of the Local Rules – were applicable.  Finally, on October 8, 2025, the Court issued an
25 order to show cause directing Petitioner to state in writing why the action should not be dismissed
26 in light of his apparent failure to keep the Court updated regarding his current address. (Doc. 14).
27 In that order, the Court admonished that "[a]ny failure by Petitioner to timely respond to this order
28 will result in a recommendation that the action be dismissed."  (Doc. 14).  Accordingly, the

undersigned finds Petitioner had adequate warning that dismissal could result from his noncompliance with this Court's Local Rules or failure to update his address. Thus, the fifth factor — the availability of less drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

In sum, Petitioner has failed to comply with this Court's Local Rules, and in doing so, has failed to prosecute this action. Having weighed the equities and considered the relevant factors noted above, the undersigned concludes that dismissal of this action is warranted.

**Conclusion and Order**

The Clerk of the Court is **DIRECTED** to randomly assign a U.S. district judge to this action.

For the reasons stated above, the Court **HEREBY RECOMMENDS** that this action be dismissed, without prejudice, based on Petitioner's failure to obey the Local Rules and to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **November 7, 2025**                     _____
UNITED STATES MAGISTRATE JUDGE

5