**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IUSUPOV IUSUFZHAN, | Case No. 1:25-cv-0838 KES CDB (HC) |
| Petitioner, | ORDER GRANTING MOTION TO DISMISS THE PETITION AS MOOT, TERMINATING THE PENDING FINDINGS AND RECOMMENDATIONS AS MOOT, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE |
| v. | |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*, | |
| Respondents. | Docs. 13, 16 |

Iusupov Iusufzhan was a federal detainee proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. He asserted that he had a prolonged detention pending removal and requested either a bond hearing or release from detention. Doc. 1. On September 10, 2025, Respondents filed a motion to dismiss the petition as moot, reporting that Iusufzhan had been removed pursuant to final order of removal and was "no longer in custody." Doc. 13 at 1; *see also* Doc. 13-1 at 2, Perez Decl. ¶ 5.

The case or controversy requirement of Article III of the Constitution deprives the court of jurisdiction to hear moot cases. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *N.A.A.C.P., Western Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982). The court is "without power to decide questions that cannot affect the rights of the litigants before them."

*North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam) (quoting *Aetna Life Ins. Co. v. Hayworth*, 300 U.S. 227, 240-241 (1937)).  As the petition requested release and Iusufzhan is no longer in custody, there is no further relief this court can provide.  The petition is moot, and the court no longer has jurisdiction.  *See Lopez Santos v. Bondi*, 2026 WL 498489 at *1 (E.D. Cal. Feb. 23, 2026) (dismissing habeas petition under Section 2241 as moot as petitioner had been removed from United States).

Based upon the foregoing, the Court **ORDERS**:

1. The motion to dismiss the petition (Doc. 13) is **GRANTED**.

2. The petition (Doc. 1) is **DISMISSED** as moot.

3. The Findings and Recommendations dated November 7, 2025 (Doc. 16) are terminated as **MOOT**.

4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   March 2, 2026

UNITED STATES DISTRICT JUDGE